**United States District Court
Central District of California
Eastern Division**

| | |
|---|---|
| Juan Carlos Mendoza et al., <br><br>Plaintiffs, <br><br>v. <br><br>Ocwen Loan Servicing, LLC, <br><br>Defendant. | EDCV 15-2281-VAP (DTBx) <br><br>**Order Granting Motion to Remand (Doc. No. 10); Denying Motion to Dismiss (Doc. No. 9) as Moot; and Vacating the December 21, 2015 Hearing** |

Plaintiffs Juan Carlos Mendoza and Maria Mendoza filed this action against Defendant Ocwen Loan Servicing, LLC on September 24, 2015 in the California Superior Court for the County of San Bernardino. (Mot. at 1.) On November 5, 2015, Defendant removed the case to the U.S. District Court for the Central District of California. (Removal (Doc. No. 1).) On November 12, 2015, Defendant filed a motion to dismiss (Doc. No. 9) and on November 19, 2015, Plaintiffs filed a motion to remand ("Motion" or "Mot." (Doc. No. 10).) After reviewing and considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion and REMANDS the case to the California Superior Court for the County of San Bernardino.

## I. BACKGROUND

Plaintiffs' Complaint filed in state court is related to Plaintiffs' loan modification and mortgage servicing for the property located at 17372 Jessica Lane, Chino Hills, California 91709 (the "Property"). (See generally

1

Compl. (Doc. No. 1, Ex. 2).)  The Complaint sets forth six (6) cause of action, including violations of California Homeowner's Bill of Rights, negligence, and violation of California Business and Professions Code §17200.

On or about December 14, 2007, Plaintiffs executed a Deed of Trust secured by the Property in favor of the original lender, GMAC Mortgage, LLC ("GMAC"), in return for a $380,858.00 mortgage loan.  (Id. ¶ 6, Ex. A.)  On September 12, 2012, an Assignment of Deed of Trust in favor of GMAC was recorded.  (Id. ¶ 31, Ex. C.)  On April 29, 2013, an Assignment of Deed of Trust in favor of Defendant was recorded.  (Id. ¶ 32, Ex. D.)

Plaintiffs allege that they submitted a complete loan modification application to Defendant via Federal Express on or about November 28, 2014.  (Id. ¶ 10.)  Plaintiff further alleges that they requested a "single point of contact" be assigned by the Defendant when they submitted their application for a modification, but none was assigned.  (Id. ¶ 12.)

Plaintiffs do not allege a pending foreclosure sale or that Defendant has commenced any foreclosure proceedings.  The Complaint does not allege that foreclosure notices, such as a Notice of Default or a Notice of Trustee's Sale, have been recorded against the Property with respect to Plaintiffs' mortgage loan and Deed of Trust.

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions that commenced in state courts when the amount in controversy exceeds $75,000 and the citizenship of the parties is completely diverse. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." Lewis, 627 F.3d at 400.

### III. DISCUSSION

Plaintiffs contend that the amount in controversy does not exceed $75,000. (Mot. at 2.) Defendants disagree. (Opp. at 1 (Doc. No. 15).) The dispute centers on the proper measure of the amount in controversy in a suit that (1) alleges improper handling of a loan modification application and (2) seeks to enjoin the defendant from foreclosing until the loan modification review has been completed.

Despite Defendant's efforts to characterize this case as a "typical" wrongful foreclosure case, Plaintiffs are not asserting that their loan should be invalidated or rescinded, and are not seeking a permanent injunction against an impending foreclosure sale. Rather, Plaintiffs seek a final decision on their loan modification application, and ask the Court to enjoin Defendant from pursuing foreclosure until it has complied with HBOR's requirements for loan-modification application review. Thus, the value of the Property itself should not determine the amount in controversy.

4

Other courts who have examined this issue have come to the same conclusion. "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification." Vergara v. Wells Fargo Bank, N.A., No. SACV 15–00058–JLS, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015). This is because, as is the case here, "the primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages." Cheng v. Wells Fargo Bank, N.A., No. SACV10–1764–JLS (FFMx), 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010); see also Jauregui v. Nationstar Mortgage LLC, No. EDCV 15–00382–VAP, 2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) (remanding action where plaintiff sought only injunction of foreclosure activity "until a written determination on [his] loan modification application is conveyed to [him] in accordance with [HBOR]" and did not seek to challenge defendant's right to collect on the outstanding loan amount); Vonderscher v. Green Tree Servicing, LLC, No. 2:13–CV–00490–MCE, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount ... the amount in controversy is not properly gauged by the loan amount."); Landa v. Flagstar Bank, FSB, No. 10CV1429–L (BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (remanding action where plaintiffs sought an "injunction against foreclosure" but were "not seeking loan rescission").

5

Defendant cites <u>Reyes v. Well Fargo Bank, N.A.</u>, 2010 WL 2629785, *4-6 (N.D. Cal. June 29, 2010) and other similar cases for the general proposition that when the property is the object of the litigation, the property's value should be used to calculate the amount in controversy so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property.  (Opp. at 3.)  The holding in <u>Reyes</u> does not apply here, however, because Plaintiffs are not seeking to invalidate the mortgage loan or to enjoin Defendant permanently from foreclosing.  Rather, Plaintiffs seek to enjoin Defendant from foreclosing until it complies with HBOR and issues a final decision on their loan modification application.

Since the focus of this case is Plaintiffs' loan modification application, it cannot be said that the Property itself is the litigation's object.  The more appropriate method for calculating the amount in controversy in this case is "the pecuniary result to either party which the judgment would directly produce." <u>Cross v. Home Loan Mortg. Corp.</u>, CV 11–04728 DMG (RZx), 2011 WL 2784417, at *2 (C.D.C al. July 15, 2011).  Defendant makes no argument that a judgment in this case would lead to a pecuniary result of over $75,000 for either party, and the Court cannot see how it could.

### IV.  CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss as MOOT, GRANTS Plaintiffs' Motion to Remand, and REMANDS the action to the California Superior Court for County of San Bernardino. The December 21, 2015 hearing is VACATED.

**IT IS SO ORDERED.**

Dated: 12/15/15

Virginia A. Phillips
United States District Judge